# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 13-CR-0086-004-CVE |
| | ) |
| JAVIER PONCE, | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Bill of Particulars (Dkt. # 69). Defendant Javier Ponce claims that the indictment does not provide sufficient notice of the charges against him, and he will be unable to prepare a defense unless the government is required to file a bill of particulars. The government has not responded to defendant's motion, but the Court has reviewed the motion and finds that a response is unnecessary.

On May 8, 2013, the grand jury returned a sealed indictment charging Daniel Munoz-Prieto, Keith Beets, and Jerod Coy Linthicum with drug conspiracy and possession of methamphetamine with intent to distribute. Dkt. # 2. The grand jury subsequently returned a superseding indictment adding Ponce as a defendant. Ponce was charged with drug conspiracy (count one), distribution of methamphetamine (count two), possession of methamphetamine with intent to distribute (counts three, four, five, and six), and possession of cocaine with intent to distribute (count seven). Dkt. # 30. Count one of the superseding indictment alleges that Ponce and others entered a conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine, and the conspiracy began in or about January 2013. The remaining counts of the superseding indictment allege that Ponce and others distributed or possessed with intent to distribute methamphetamine or

cocaine on January 8, April 4, and May 8, 2013. The superseding indictment alleges that each of the charges arise out of events occurring in the Northern District of Oklahoma. Ponce was arrested on July 24, 2013, and he made his initial appearance on the same day. The Court entered an amended scheduling order (Dkt. # 52) setting the case for jury trial on September 9, 2013.

Under Fed. R. Crim. P. 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." If a defendant seeks more definite information about the charges against him, his remedy is to file a motion for a bill of particulars. United States v. Doe, 572 F.3d 1162, 1176 (10th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996). A bill of particulars may be required when the indictment fails to give defendant notice of the government's theory of the case, but a defendant is not entitled to a bill of particulars to seek information about what evidence the government intends to introduce at trial. United States v. Levine, 983 F.2d 165, 167 (10th Cir. 1992). "If the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial, a bill of particulars is not necessary." Doe, 572 F.3d at 1176.

The Court has reviewed the superseding indictment and finds that it gives defendant sufficient notice of the charges against him. As to counts two through seven of the superseding indictment, defendant has been given notice of the date when the offense allegedly occurred, the illegal drug involved in the offense, the amount of the illegal drug if this is an element of the offense,

and he has been advised that the offense occurred in the Northern District of Oklahoma.[1] Although count one of the superseding indictment does not state any overt acts, the drug conspiracy statute, 21 U.S.C. § 846, does not contain an overt act requirement and an indictment does not have to allege that any overt acts occurred in order to state a drug conspiracy charge.[2] See United States v. Williams, 374 F.3d 941 (10th Cir. 2004). "It is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Redcorn, 528 F.3d 727, 733 (10th Cir. 2008) (quoting United States v. Hathaway, 318 F.3d 1001, 1009) (10th Cir. 2003)). The language of the superseding indictment tracks the statutory language and provides any other information necessary to advise defendant of the criminal charges against him. Defendant may be seeking more specific information about the charges against him, but the indictment gives defendant sufficient notice of the charges against him and he is able to prepare a defense without a bill of particulars.

---

[1] In count six, the superseding indictment cites 21 U.S.C. § 841(b)(1)(B)(viii) and "841(b)(1)(B)," but no amount of methamphetamine is alleged in this count of the superseding indictment. It appears that the grand jury may have intended to allege an offense under 21 U.S.C. § 841(b)(1)(C), which does not require a minimum amount of methamphetamine to state an offense. However, if the grand jury intended to allege an offense under § 841(b)(1)(B)(viii), count six of the indictment would actually fail to state an offense against defendant because the drug quantity is an element of the offense under § 841(b)(1)(B)(viii). Defendant has not filed a motion to dismiss count six of the superseding indictment, and the Court declines to sua sponte dismiss this count without clarification from the government as to statute under which it intends to prosecute defendant for the conduct alleged in count six.

[2] Even though overt acts are not alleged in the drug conspiracy charge, the events giving rise to counts two through seven occurred within the time frame of the alleged conspiracy and it is reasonable to assume that these were overt acts in furtherance of the conspiracy alleged in count one.

**IT IS THEREFORE ORDERED** that defendant's Motion for Bill of Particulars (Dkt. # 69) is **denied**.

**DATED** this 19th day of August, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE