# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 13-CR-0086-001-CVE |
| DANIEL EVERRADO MUNOZ-PRIETO, a/k/a D, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This matter comes on for consideration of defendant's oral motion for a continuance of the jury trial. On September 6, 2013, defendant and his attorney appeared at the pretrial conference, and defendant orally requested a continuance of the jury trial set for September 9, 2013 at 9:15 a.m. Defendant has executed a speedy trial waiver (Dkt. # 100). On July 11, 2013, the grand jury returned a superseding indictment (Dkt. # 30) charging defendant with drug conspiracy, distribution of methamphetamine, possession of methamphetamine with intent to distribute, and possession of cocaine with intent to distribute. As to the drug conspiracy charge, defendant faces a statutory mandatory minimum sentence of 10 years and a possible maximum sentence of life imprisonment. Defense counsel states that he needs additional time to prepare for trial, particularly in light recently disclosed discovery. The government does not oppose defendant's request for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for

granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defendant is charged with participating in a drug conspiracy involving a large amount of methamphetamine, and he faces a statutory mandatory minimum sentence of 10 years if he is convicted. Defense counsel's request for additional time to prepare for trial is reasonable, and defendant has executed a speedy trial waiver (Dkt. # 100) asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited

2

ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's oral motion to continue the jury trial is **granted**. The jury trial set for September 9, 2013 at 9:15 a.m. is **stricken**, and the jury trial is **reset** for **October 15, 2013 at 9:15 a.m.**

**IT IS FURTHER ORDERED** that the pretrial conference is continued to **October 7, 2013 at 9:00 a.m.**

**IT IS FURTHER ORDERED** that the time between September 9, 2013 and October 15, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 6th day of September, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE